

# Fourth Court of Appeals
## San Antonio, Texas

September 29, 2022

No. 04-22-00605-CR

Kristine Dawn **MARTIN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 18-0059-CR-B
Honorable Gary L. Steel, Judge Presiding

# O R D E R

Appellant Kristine Dawn Martin entered into a plea bargain with the State, pursuant to which she pleaded guilty to the charged offense. The trial court imposed a sentence on July 7, 2021 in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). The clerk's record includes the written plea bargain agreement. *See id.* 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*. The record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* 25.2(a)(2). The record also appears to support the trial court's certification that Appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding court of appeals should review clerk's record to determine whether trial court's certification is accurate).

The record further shows Appellant did not file a motion for new trial. Therefore, a notice of appeal was due August 6, 2021, or the notice and a motion for extension of time to file, were due fifteen days later on August 21, 2021. TEX. R. APP. P. 26.2(a)(1), 26.3. The record contains a notice of appeal file stamped September 12, 2022. *See id.* 26.3.

Having reviewed the record, it appears appellant does not have the right to appeal and the notice of appeal was untimely filed. We therefore order appellant to file a response, by **October 19, 2022**, establishing: (1) the notice of appeal was timely filed and (2) an amended certification showing she has the right to appeal has been made part of the appellate record. *See* TEX. R. APP.

P. 25.2(d), 37.1; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing writ of habeas corpus pursuant to article 11.07 of Texas Code of Criminal Procedure).

If a supplemental clerk's record is required to show the appeal is timely and appellant has the right to appeal, appellant must request a supplemental record from the trial court clerk and file a copy of the request with this court. If appellant fails to satisfactorily respond to this order within the time provided, the appeal will be dismissed.

We **order** all appellate deadlines suspended until further order of the court. We further **order** the clerk of this court to serve copies of this order on the attorneys of record and the court reporter.

Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 29th day of September, 2022.

MICHAEL A. CRUZ, Clerk of Court